United States District Court
Southern District of Texas

**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Francisco Itzep Cux, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3048 |
| | § | |
| Grant Dickey,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Francisco Itzep Cux is a native and citizen of Guatemala who concedes that he unlawfully entered the United States in 2015. Doc. 8 at 2. On April 7, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center in Conroe, Texas. *Id.* at 3. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) the Fourteenth Amendment's Equal Protection Clause.

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1 at 1. Mr. Bradford ceased holding office while this action remained pending, so Patrick Contreras is automatically substituted as a Respondent in this action in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to remove Bret Bradford from and add Patrick Contreras to the docket sheet.

Now before the Court is Respondents' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[2]

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

---

[2] To the extent Petitioner argues his present detention constitutes "arbitrary and capricious" government action violative of the Due Process Clause, *see* Doc. 1 at 11–12, the Court has also considered and rejected this argument, *Campos Bernal*, 4:26-cv-2239, 2026 WL 1804234, at *4 n.4.

2

**SIGNED** at Houston, Texas, on the 16th of July, 2026.

_____

Nicholas J. Ganjei
United States District Judge